FILED-USDC-FLMD-ORL
SEP 17 2026 AM9:07

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:26-cr-232-CEM-CAB

JANUSZ HOLOWNIA 33 U.S.C. § 1908(a)
33 C.F.R. § 151.25

# INFORMATION

The United States Attorney charges:

## COUNT ONE
**(Act to Prevent Pollution from Ships)**

### I. Introduction

At all times material to this information:

A. The Defendant

1. Defendant JANUSZ HOLOWNIA ("HOLOWNIA") was the Chief Engineer onboard the *M/V LEGIONY POLSKIE* from on or about October 9, 2024, through on or about January 22, 2025.

B. The Vessel

1. The *M/V LEGIONY POLSKIE* was a 25,278 gross ton ocean-going bulk carrier ship registered in Liberia with an International Maritime Organization number of 9708045. The *M/V LEGIONY POLSKIE* was engaged in international commercial maritime operations transporting commercial cargo to and from Port Canaveral, Florida, and elsewhere.

2. The *M/V LEGIONY POLSKIE* had a "Chief Engineer," defendant HOLOWNIA, assigned as the person in charge of the vessel's engine room, as well as a "Second Engineer," a "Third Engineer," a "Fourth Engineer," a "Fitter," and "Motormen" who assisted the Chief Engineer. The crew acted on behalf of the operator of the vessel carrying out activities on the vessel to ensure the vessel was able to operate and carry cargo throughout the world.

3. HOLOWNIA, as the Chief Engineer, was responsible for, among other things, shipboard control of machinery space waste, to include oily bilge water and sludge. As the Chief Engineer, defendant HOLOWNIA reported directly to the vessel's Master, who had overall responsibility for the entire vessel, including the vessel's Oil Record Book. Defendant HOLOWNIA, as the person in charge of shipboard control of machinery space waste, was required to make appropriate entries in the Oil Record Book without delay.

C. The Legal Framework

1. The United States is part of an international regime that regulates the discharges of oil from vessels at sea known as the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (MARPOL). MARPOL was enacted into United States law by the Act to Prevent Pollution from Ships (APPS). 33 U.S.C. § 1901, et seq. APPS and its regulations apply to foreign-flagged vessels like the *M/V LEGIONY POLSKIE* while they are operating in United States waters or at a port or terminal under the jurisdiction of the United States. 33 C.F.R. § 151.09(a)(5).

2. To facilitate enforcement, the U.S. Coast Guard (USCG) is empowered under 14 U.S.C. § 522(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law, including MARPOL and APPS. The USCG is specifically authorized to examine the vessel and vessel's required record books to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate operating procedures; whether it poses any danger to United States' ports and waters; and whether the vessel has discharged any oil or oily mixture in violation of MARPOL, APPS, or any applicable federal regulations. 33 C.F.R. § 151.23(a)(3) and (c).

3. The operations of large marine vessels like the *M/V LEGIONY POLSKIE* generate oily bilge water created when water mixes in the bottom of the vessel, known as the "bilges," with oil that has leaked and dripped from the machinery and the lubrication and fuel system for the engines. These "oily mixtures" are often referred to as "bilge waste," "bilge slops," and "slops from bilges," and are collected, stored, and processed to separate the water from the oil and other wastes using a pollution prevention control device known as an Oily Water Separator ("OWS") and an oil-sensing device known as an Oil Content Monitor ("OCM").

4. Pursuant to MARPOL, bilge waste, if not disposed of to a barge or other shore-based disposal facility, may only be discharged overboard after passing through an OWS to ensure that it contains 15 parts per million ("ppm") or less of oil, as measured by the OCM. If the OCM detects an oil content of greater than 15 ppm in the effluent, it sounds an alarm and shuts down the pumps and/or diverts flow

back to the bilges or bilge holding tanks in order to prevent the discharge of bilge waste with greater than 15 ppm of oil overboard.

5. MARPOL and APPS regulations require that vessels measuring more than 400 gross tons, such as the *M/V LEGIONY POLSKIE*, maintain a record known as an Oil Record Book ("ORB"). The ORB must fully record, on a tank-to-tank basis, all operations involving the discharge overboard and disposal of bilge water that has accumulated in machinery spaces and thus may be contaminated with oil. 33 C.F.R. § 151.25(d) and (h); MARPOL, Annex I Regulation 17 and Appendix III (Form of ORB). The ORB must also record internal transfers of bilge water to holding tanks prior to it being discharged overboard or being otherwise disposed of, and must also record any emergency, accidental, or other exceptional discharges of oil or mixtures. 33 C.F.R. § 151.25(d)(4) and (g). The ORB must be made readily available for inspection at all reasonable times. 33 C.F.R. § 151.25(k).

II. <u>The Violation</u>

1. Sections A through C of this Information are specifically incorporated and re-alleged herein.

2. On or about January 22, 2025, within the navigable waters, internal waters, and ports of the United States in the Middle District of Florida, defendant JANUSZ HOLOWNIA, did knowingly fail to maintain an accurate Oil Record Book for the *M/V LEGIONY POLSKIE*. Specifically, defendant HOLOWNIA, maintained and caused to be maintained an Oil Record Book that: (1) failed to record the transfers of oily bilge water from the Bilge Collection Tank #1, Bilge

Collection Tank #2, and the Sludge Tank to the Graywater Tank; and (2) failed to record overboard discharges of machinery space bilge water made without the use of an OWS and OCM. Defendant HOLOWNIA acted within the scope of his duties as Chief Engineer, and his actions were intended, at least in part, to benefit POLSKA ZEGLUGA MORSKA P.P., the corporate operator of the *M/V LEGIONY POLKSIE.*

All in violation of 33 U.S.C. § 1908(a), 18 U.S.C. § 2, and 33 C.F.R. § 151.25.

**FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 33 U.S.C. § 1908(a), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: ______________________
Matthew J. Del Mastro
Special Assistant U.S. Attorney

By: ______________________
Hannah Watson
Assistant United States Attorney
Deputy Chief, Orlando Division

ADAM R.F. GUSTAFSON
Principal Deputy
Assistant Attorney General
Energy & Natural Resources Division

By: ______________________
For: David B. Harden
Trial Attorney
Environmental Crimes Section